```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
KARLENE A. GORDON,                        09 CV 4577(ERK)(MGD)

                 Plaintiff,
      against                             FIRST AMENDED
                                          COMPLAINT

                                          PLAINTIFF DEMANDS
                                          TRIAL BY JURY
THE CITY OF NEW YORK,
CARMEN S. RUIZ,
BERTHA STALLINGS,
REBECCA ROBINSON, AND
ADMINISTRATION FOR CHILDREN'S
SERVICES.
                 Defendants.
-----------------------------------------X
```

TAKE NOTICE, the Plaintiff, Ms. KARLENE A. GORDON, hereby appears in this action by her attorney, DA' TEKENA BARANGO-TARIAH, Esq., and demands that all papers be served upon him, at the address below, in this matter.

**JURISDICTION**

1. This is a Civil Rights Action seeking damages for the Defendants' violations of Plaintiff's rights, privileges, and immunities under the United States Constitution, 42 U.S.C. Section 1983 and 1988, the New York Constitution, and New York State Common Law. Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. Sections 1331, 1343 (a)(3) and (4), 1367(a). The acts of the Defendants occurred in the Eastern District and venue is based upon 28 U.S.C. Section

1391(b).

## PARTIES

2. Plaintiff resides in New York City and is a resident of the State of New York.

3. Defendant **Carmen S. Ruiz ("Ruiz")** is an officer of the ACS of the City of New York and acted under color of state law. She is being sued in both her individual and official capacity.

4. Defendant **Bertha Stallings ("Stallings")** is an officer of the ACS of the City of New York and acted under color of state law. She is being sued in both her individual and official capacity.

5. Defendant **Rebecca Robinson ("Robinson")** is an officer of the ACS of the City of New York and acted under color of state law. She is being sued in both her individual and official capacity.

6. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants **Ruiz, Stallings, and Robinson**.

7. The Defendant, ACS of the City of New York is a government department and/or agency in the City of New York, and at all relevant times was under New York State and City laws and/or statutes to enforce and administer the Social Services Laws of the State and City of New York. As such, it employed the defendants **Ruiz, Stallings, and Robinson**.

## FACTS

8. At all relevant times, the Plaintiff rented an apartment at 89 East 42nd Street, Brooklyn, New York 11225, and resided within.

9. On or about July 25, 2008, the New York State Office of Children & Family Services had informed the Plaintiff that it found a report of maltreatment, against the plaintiff, made by Defendant Ruiz and Defendant ACS, to be unfounded.

10. The said report was made on May 4, 2000, however, in July 2000, defendant Stallings, a supervisor at Defendant ACS and defendant Ruiz had informed the plaintiff that the Defendant ACS's case against the plaintiff had been found to be unsubstantiated by Defendant ACS, and that the case had been closed.

11. Defendants Stallings and Robinson were involved in the preparation and supervision of the said report.

12. The report, and the information given to the Plaintiff that the case had been closed were false, and because of their knowledge of the lack of any legitimate cause or justification for such false reporting and recording, were intentional, malicious, reckless and in bad faith.

13. As a direct and proximate result of Defendants' actions, Plaintiff suffered, and continues to suffer, from various ills, including mental and emotional depression.

14. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer, mental anguish, reputational injuries, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

15. As a direct and proximate result of Defendants' actions, custody of Plaintiff's son and/or visitation with her son has continued to be denied the Plaintiff.

16. At no time did Plaintiff commit any offenses against the laws of New York City and/or State for which such prosecution should be carried out against her. And at no time did the Plaintiff commit any illegal acts, or engage in any conduct which in any way justified the unlawful actions of the Defendants.

17. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fifth and the Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

18. Defendant City of New York, as a matter of policy and practice, has with deliberated indifference, failed to properly sanction or discipline officers, including the defendants, in this case, for violations of the constitutional rights of citizens, thereby causing officers, including defendants in this case, to engage in unlawful conduct to the extent that officers continuously refused to carry out any credible investigations before prosecuting individuals, and the Plaintiff in this case.

19. Defendant City of New York, as matter of policy and practice, or custom, intentionally, knowingly, negligently, and recklessly failed to instruct, supervise, control, on a continuing basis, Defendant officers in their duties to refrain from unlawful and malicious prosecution. The said City of New York, who are aware of, and subsequently concealed violations of the constitutional rights of citizens by officers, has encouraged ACS officers, including Defendants in this case, to engage in unlawful conduct.

20. The actions of Defendants, acting under color of

State law, deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be free from malicious prosecution.

21. Within ninety days after the claim in this Complaint arose, a written claim was filed upon the City of New York, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

22. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
## 42 U.S.C Section 1983-against Defendants Officers

23. Plaintiff hereby restates paragraphs 1-22 of this Complaint, as though fully set forth below.

24. By prosecuting the Plaintiff, maliciously, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

25. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as Defendant ACS officers. Said acts by the Defendant officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted wilfully, knowingly, and with the specific intent to deprive the Plaintiff of her

constitutional rights secured by 42 U.S.C. Section 1983, and by the Fifth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:
### New York State Constitution

27. Plaintiff hereby restates paragraph 1-26 of this Complaint, as though fully set forth below.

28. By maliciously prosecuting the Plaintiff, the officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by the New York Constitution.

29. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as Defendant ACS Officers. Said acts by the Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted wilfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by the New York Constitution.

30. Defendants, their officers, agents, servants and employees were responsible for the deprivation of Plaintiff's state constitutional rights. Defendant City is responsible for the other defendants' wrongdoing.

31. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before

alleged.

## AS A THIRD CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress-all Defendants

32. The Plaintiff hereby restates paragraph 1-31 of this Complaint, as though fully set forth below.

33. Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to Plaintiff.

34. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious prosecution by the Defendants.

35. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants. Defendant City of New York is responsible for their wrongdoing of the other defendants.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:
### Negligent Hiring of Employment Services-against Defendant City of NY

37. Plaintiff hereby restates paragraph 1-36 of this Complaint, as though fully set forth below.

38. Upon information and belief, Defendant City of New York, through the ACS, owed a duty of care to

Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

39. Upon information and belief, Defendant City of New York through Defendant ACS, owed a duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

40. Upon information and belief, Defendant City of New York knew or should have known through the exercise of reasonable diligence that the Defendant officers were potentially dangerous.

41. Upon information and belief, Defendant City of New York's negligence in hiring and retaining the Defendant officers proximately caused Plaintiff's injuries.

42. Upon information and belief, because of the Defendant's City of New York negligent hiring and retention of the aforementioned officer Defendants, Plaintiff incurred significant and lasting physical and mental injury.

### AS A FIFTH CAUSE OF ACTION:
### Negligent Retention and Supervisor of Employment Services-against Defendant City of NY

43. Plaintiff hereby restates paragraph 1-42 of this Complaint, as though fully set forth below.

44. Upon information and belief, Defendant City of New York, through Defendant ACS, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

45. Upon information and belief, Defendant City of New York through the ACS, owed a duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

46. Upon information and belief, Defendant City of New York knew or should have known through the exercise of reasonable diligence that the Defendant officers were potentially dangerous.

47. Upon information and belief, Defendant City of New York's negligence in retaining and supervising the officer Defendants proximately caused Plaintiff's injuries.

48. Upon information and belief, because of the Defendant City of New York's negligent retention and supervision of the aforementioned Defendant officers, Plaintiff incurred significant and lasting physical and mental injury.

### AS A SIXTH CAUSE OF ACTION:
### Negligent Misrepresentation-against all Defendants

49. Plaintiff hereby restates paragraphs 1-48 of this Complaint, as though fully set forth below.

50. Defendants owed plaintiff a duty to make accurate representations relating to the relations between the Plaintiff and her children.

51. Defendants were aware that the findings and records would be used for the purposes of determining Plaintiff's relationship with her children.

52. By falsely and/or incorrectly finding and recording that plaintiff maltreated her child, and that Plaintiff was guilty of Inadequate Guardianship, Defendants breached the duty it owed to the plaintiff.

53. As a direct and proximate cause of Defendants' breach, the denial of custody of Plaintiff's son, and visitation rights, to the Plaintiff has continued, and Plaintiff's child has been made to believe that Plaintiff does not love him, and had abandoned him.

54. As a direct and proximate cause of Defendants' breach, plaintiff has suffered, and continues to suffer mental and emotional distress, loss of affection, injury to reputation and character, injury to health, well-being and feelings, and counsel fees and expenses.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against the Defendant officers, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendant officers in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an

amount to be determined at trial, punitive damages against the Defendant officers in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendant officers in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendant officers in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendant officers in an amount to be determined at trial; and

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, New York
April 2, 2010.

Respectfully submitted,

By: _____
Da'Tekena Barango-Tariah, Esq.(DB5592)
25 Bond Street,
Brooklyn, New York 11201
(718) 625 4200

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

================================================

KARLENE A. GORDON,    09 CV 4577 (ERK) (MGD)

        Plaintiff,

against

    FIRST AMENDED
    COMPLAINT

    PLAINTIFF DEMANDS
    <u>TRIAL BY JURY</u>

THE CITY OF NEW YORK,
CARMEN S. RUIZ,
BERTHA STALLINGS,
REBECCA ROBINSON, AND
ADMINISTRATION FOR CHILDREN'S
SERVICES.

        Defendants.

================================================

**Da'Tekena Barango-Tariah, Esq.**
**Attorney for Plaintiff**
**25 Bond Street, 2nd Floor**
**Brooklyn, New York 11201**
**718 625 4200**

================================================

Take Notice that the attached is a true copy of a Judgment duly entered in the office of the clerk of the within named court on _____

_____

STATE OF NEW YORK, COUNTY OF KINGS ss:

I, _____ say, under penalty of perjury, I am not a party to the action, that I reside at Brooklyn, New York, and I am over the age of 18 years of age and on _____, I served a copy of the attached _____ by mailing the same in a sealed envelope, with postage prepaid therein, in a post-office of official depository of the defendant's attorneys at: _____.

_____

Sworn to before me this ____ day of November